**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1444
_____

UNITED STATES OF AMERICA

v.

LAMONT HUNTER,
                              Appellant


On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-11-cr-00045-012)
District Judge:  Hon. Arthur J. Schwab

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 10, 2013

Before:  McKEE, Chief Judge, FUENTES, and CHAGARES, Circuit Judges.

(Filed: December 12, 2013)
_____

OPINION
_____

CHAGARES, Circuit Judge.

     Lamont Hunter appeals the District Court's application of a three-level sentencing

enhancement pursuant to § 3B1.1(b) of the advisory 2012 United States Sentencing

Guidelines for being a manager or organizer of a conspiracy.  For the reasons that follow,

we will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the facts relevant to our decision. This case stems from a wide-ranging indictment that charged twenty-four members of a Pittsburgh gang, the Manchester OGs, and its associates with violations of narcotics and firearms laws. The only count naming Hunter charged him with unlawfully conspiring to distribute, and possession with intent to distribute one kilogram or more of heroin pursuant to 21 U.S.C. § 846. On the eve of trial, Hunter pleaded guilty to this sole count without the benefit of a written plea agreement.

Hunter supplied other members of the conspiracy with heroin on a regular basis from January 2010 until March 2011. He would obtain heroin from several sources, including one from Detroit. The Detroit source supplied Hunter with between 25 and 200 grams of unbagged heroin on approximately ten occasions. After he received the heroin, he would have certain heroin users dilute it and place it in stamp bags at his direction. He also directed Clayton Bonner, a co-conspirator who pleaded guilty to the same charge, to purchase at least five boxes of empty stamp bags about every ten days. In addition to directing Bonner to purchase the empty stamp bags, he supplied Bonner with at least four "bricks" on an almost daily basis throughout the conspiracy. Each "brick" contained fifty stamp bags of heroin and had a wholesale value between $200 and $500. Hunter admitted to all of these facts at his change of plea hearing.

Based on his directing certain heroin users to dilute and bag the heroin, and his directing Bonner to purchase stamp bags, the Probation Office recommended a three

level enhancement for being a manager or supervisor in the conspiracy. Hunter objected in two written submissions prior to sentencing and at the sentencing itself. While he did not object to any of the facts that he admitted at his change of plea hearing, he argued that these facts did not provide a sufficient basis on which the District Court could apply § 3B1.1(b). The District Court overruled Hunter's objection, finding that Hunter exercised control over Bonner and the baggers. The court sentenced Hunter to 188 months of imprisonment. Hunter timely appealed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. When there is "no dispute over the factual determinations but the issue is whether the agreed-upon set of facts fit within the enhancement requirements," we review "for clear error the district court's applications of those facts to the Guidelines." United States v. Fish, 731 F.3d 277, 279 (3d Cir. 2013) (citing United States v. Richards, 674 F.3d 214, 233 (3d Cir. 2012)).

## III.

Under § 3B1.1(b), a sentencing court may increase the defendant's offense level by three levels where "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive." To qualify for the enhancement, the defendant must have managed or supervised at least one other participant in the illegal activity. See U.S.S.G. § 3B1.1 cmt. n. 2; United States v. Bethancourt, 65 F.3d 1074, 1081 (3d Cir. 1995). A "participant" is one who is criminally responsible for the offense, but that person need not have been convicted. See U.S.S.G. §

3

3B1.1 cmt. n. 1. A manager or supervisor, although not defined in the Guidelines, is one who "exercise[s] some degree of control over others involved in the offense." United States v. Chau, 293 F.3d 96, 103 (3d Cir. 2002).

Hunter does not challenge the facts that the District Court found, or that the criminal activity involved five or more participants. He only argues that the facts of his case do not make him a supervisor within the meaning of § 3B1.1(b). We disagree.

Hunter admitted at his change of plea hearing that he directed the baggers and Bonner. Bonner was undoubtedly a "participant" within the meaning of § 3B1.1(b), because he was a criminally responsible member of the conspiracy who pled guilty to the same charge as Hunter. Bonner purchased the stamp bags not for any lawful purpose outside the scope of the conspiracy, but so that Hunter could bag the heroin he received from his sources, and he did so at Hunter's behest. These undisputed facts establish that Hunter "exercised control over at least one other person." United States v. Katora, 981 F.2d 1398, 1402 (3d Cir. 1992). The District Court's finding that Hunter was a supervisor within the meaning of § 3B1.1 was not clearly erroneous.

IV.

For these reasons, we will affirm the District Court's application of the sentencing enhancement.

4